[No. 21809. Department Two. May 31, 1929.]

THE STATE OF WASHINGTON, *on the Relation of* DALE
MCMULLEN, *Plaintiff*, v. GEORGE B. SIMPSON, *as
Judge for the Superior Court for Clark
County, Respondent.*[1]

*Dale McMullen*, for relator.

PARKER, J.—By this original certiorari proceeding
in this court, the prosecuting attorney for Clark
county, as relator, seeks review of a judgment of the
superior court for that county, sentencing George
Plummer as upon his being convicted the second time
of a misdemeanor violation of our intoxicating liquor
prohibition statute; the prosecuting attorney contend-
ing that Plummer's last conviction was, in legal effect,
his conviction the third time of a misdemeanor viola-
tion of our prohibition statute, and that therefore he
should have been sentenced by the superior court to
imprisonment in the state penitentiary as for a felony.

Plummer was, by information filed in the superior
court for Clark county, first charged by two counts in
one information as follows:

[1]Reported in 277 Pac. 998.

"Count I.

"That he, the said George E. Plummer, on or about the 2nd day of July, 1927, in the county of Clark, state of Washington, did, then and there, unlawfully manufacture intoxicating liquor for the purpose of sale, barter and exchange thereof, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Washington.

"Count II.

"That he, the said George E. Plummer, on or about the 2nd day of July, 1927, in the county of Clark, state of Washington, did, then and there, unlawfully keep and have in his possession intoxicating liquor with intent to sell, barter and exchange the same, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Washington."

On July 5, 1927, final judgment of conviction was rendered against Plummer upon each of these counts. On January 10, 1929, Plummer was again, by information filed in the superior court for Clark county, charged as follows:

"The said George Plummer, on or about the 9th day of January, 1929, in the county of Clark, state of Washington, did, then and there, unlawfully keep and have in his possession intoxicating liquor other than alcohol, contrary to the statutes in such cases made and provided and against the peace and dignity of the state of Washington.

"And the court is further informed that on the 5th day of July, 1927, the above named defendant was convicted in the above entitled court of unlawful manufacture of intoxicating liquor for the purpose of sale, barter and exchange thereof.

"And the court is further informed that on the 5th day of July, 1927, the above named defendant was convicted of unlawfully keeping and having in his possession intoxicating liquor with intent to sell, barter and exchange the same."

On February 7, 1929, the superior court adjudged
Plummer guilty as charged in this information, ruling
that his prior conviction under the two counts of the
first information constituted, within the meaning of
Rem. Comp. Stat., § 7339, his conviction but one time,
resulting in his last conviction being his conviction "the
second time." The court thereupon sentenced Plummer
as for his conviction "the second time," refusing to
sentence him as for his conviction "the third time,"
as was then insisted upon by the prosecuting attorney.

■ It is plain that each offense in question, stand-
ing alone, is only a misdemeanor; Rem. Comp. Stat.,
§§ 7309, 7328, 7338; and Plummer's last conviction can
only be raised to the degree of a felony by holding it
to be his conviction "the third time," under Rem.
Comp. Stat., § 7339, which, so far as we need here
notice, reads as follows:

"Every person *convicted the second time* of a viola-
tion of any provision of this act, for which the punish-
ment is not specifically prescribed, shall be punished
by a fine of not less than two hundred nor more than
five hundred dollars and by imprisonment in the
county jail for not less than thirty days nor more than
six months and every person *convicted the third time*
of a violation of any provision of this act shall, for
such third and each subsequent conviction, be punished
by imprisonment in the penitentiary for not less than
one nor more than five years."

We italicize the words of the statute to be partic-
ularly noticed. The record brought here renders it
plain that the acts constituting the offenses charged
in the first information were committed simultaneously,
and that the convictions thereof were also had
simultaneously. This, we think, rendered the culmina-
tion of that prosecution, in legal effect, only a convic-
tion of Plummer the first time, within the meaning of
§ 7339, above quoted. This is the substance of our hold-

ing in *State v. Jones,* 138 Wash. 110, 244 Pac. 395. This view of the law is in harmony with the rule of strict construction universally applicable to statutes of this nature. The courts should not impute to the legislature an intent to make simultaneous convictions upon separate counts in one information charging simultaneous acts constituting separate misdemeanors in law, other than one conviction for the purpose of raising a single subsequent conviction to the degree of felony, unless such intent is expressed in unmistakable language. We do not think there is any such clear legislative intent expressed in this statute.

The judgment of the superior court is affirmed.

MITCHELL, C. J., BEALS, MAIN, and TOLMAN, JJ., concur.