DREW, Justice.
Petitioner, Willie Hodges, is an inmate of the Florida State Prison at Raiford, Florida. By letter dated February 11, 1953, and addressed to the Supreme Court he questions the legality of and asks relief from Jlís conviction of February 9, 1942, in the Criminal Court of Record of Duval County as a violator of the “Habitual Criminal Statute,” Section 775.10, Florida Statutes 1941, F.S.A., and sentenced to life imprisonment.
Hodges bases his petition upon noncompliance with the requirement for conviction pursuant to Section 775.10, supra, as published in Joyner v. State, 158 Fla. 806, 30 So.2d 304. In that case this Court held that in order for a true bill to lie against a defendant under Section 775.10, supra, the commission of and convictions for the four felonies required by the Act must 'have occurred each subsequent to the last, that is, that no two acts of commission could occur and that no two convictions could be had on any one day. The record indicates that on August 1, 1935, petitioner was convicted of two separate charges of forgery; further, that on January 5, 1942, he was convicted on two separate charges of breaking and entering with intent to commit grand larceny.
In view of the foregoing, we find that the said life sentence was improper and is null and void.
However, said information sufficiently charged the petitioner as a second offender on account of each of the two above named felonies for which he was convicted on January 5, 1942 and, since he pled guilty to said information, he is hereby remanded to the custody of the respondent with directions that he be presented to the Criminal Court of Record of Duval County, Florida, for the imposition of judgment and sentence as such second offender on account of each of said two felonies pursuant to Section 775.09, Florida Statutes, F.S.A. Such sentences may be concurrent or consecutive, according to the discretion of said court. Such judgments and sentences should be entered nunc pro tunc as of the date of said life sentence so *751 that the petitioner will receive proper credit for the time actually served on said life sentence and for all gain time earned and not forfeited while imprisoned under said life sentence.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.