Argued June 26, reversed and remanded with instructions
August 10, 1972

STATE OF OREGON, *Respondent, v.* RICHARD
WALTER SORTOR (No. C-71-05-1647 Cr), *Appellant.*

499 P2d 1370

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

On February 19, 1967, two persons riding in the same car were killed in a motor accident. The defendant was the driver of the other car. He was separately indicted and convicted on two charges of negligent homicide in Coos County and was given a one-year sentence on each, one to run consecutively to the other.

On June 30, 1971, in a single indictment, he was charged in two counts with two offenses committed as part of the same transaction, namely, assault with intent to rob, former ORS 163.270, and being an ex-convict in possession of a firearm, ORS 166.270. Convicted on each count, he was sentenced to ten years on Count I and to five years on Count II to run consecutively to the ten years imposed on Count I, thus making an aggregate sentence of 15 years.

The district attorney then filed an Information of Previous Convictions based upon the two negligent

homicide convictions. The court vacated the sentences, and on February 18, 1972, treating each negligent homicide as a separate felony, trebled the sentence of the defendant to a total of 30 years on the assault-with-intent-to-rob count and to a total of 15 years on the ex-convict-in-possession-of-a-concealable-firearm count. The court also directed that the 15-year sentence be served consecutively to the 30-year sentence imposed on Count I. Thus the defendant was sentenced to a total period aggregating 45 years. He appeals from the resulting judgments.

Former ORS 168.090 provided:

> "Sentences imposed under ORS 168.085 are reviewable upon appeal by the Court of Appeals."[1]

Two questions present themselves:

(1) Was there a merger of the two counts in the indictment charging robbery while armed and ex-convict in possession of a firearm, so that but a single sentence could be imposed for the two counts?

(2) Does the entry of two judgments for negligent homicide arising out of a single act of driving a motor vehicle constitute conviction of two separate felonies within the meaning and intent of the enhanced penalty statutes?

We consider them in order. Defendant contends that although he was convicted of two felonies, he can be sentenced only for the greater because the act of possession of a firearm was an essential element of the attempted armed robbery and was established

---

[1] Since we have been furnished a record only of the enhanced penalty proceedings, we do not find it necessary to consider whether our scope of review under former ORS 168.090 differs from that under ORS 138.050 or ORS 138.040.

simply as a part of the greater offense. He also urges that the attempted armed robbery was the "principal offense" within the meaning of former ORS 168.015 (2). If we understand his argument correctly, it is that under a single indictment there can be but one "principal offense," regardless of the number of counts which may be set forth therein.

■ We think it obvious that a multiple-count indictment may charge more than one "principal offense" within the intendment of the Habitual Criminal Law. ORS 174.110 provides:

"As used in the statute laws of this state:

"(1) The singular number may include the plural and the plural number, the singular."

"* * * * *"

■ A more pertinent inquiry relates to the question of merger within the rule of *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971). That case held that one breaking and entering with intent to commit larceny can be convicted of either burglary or larceny or both but may be sentenced only for the greater offense. Model Penal Code § 221.1 (3). The court there, however, pointed out:

"Our decision should not be interpreted too broadly. We are only prohibiting the convicting and sentencing for both burglary and larceny. We are not thereby barring the charging of both offenses. We are only concerned with burglary and larceny, the crime the defendant intended to commit when she broke and entered. We do not intend to bar the conviction and sentence for some crime not intended at the time of breaking and entering but committed after the breaking and entering. Our decision is limited to circumstances involving the unique crime of burglary and is not intended to

indicate an opinion on the wider subject of whether a defendant can be convicted and sentenced for two or more crimes of any nature committed during the same transaction or course of conduct." 259 Or at 238-39.

Merely because an ex-convict chooses to use a pistol in the commission of an attempted armed robbery does not exempt him from conviction and punishment for the unrelated crime of ex-convict in possession of a firearm. The commission of the latter crime was completed prior to and wholly independent of the attempted armed robbery. This assignment is without merit.

■ The second question is more difficult. Was it the intention of the legislature to punish the single criminal act of negligent homicide or the dual results of that single criminal act which caused the death of two or more people? We think the purpose of the Habitual Criminal Act was to punish repeated criminal acts, not the multiple results of a single criminal act. *See, State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

In *State v. Smith,* 128 Or 515, 273 P 323 (1929), our Supreme Court discussed at length the history and purpose of the original Habitual Criminal Act. In holding that the Act was not in violation of the double jeopardy provision of the constitution, the court said:

> "* * * The law is thus stated by Dr. Bishop:

> " 'The increased punishment for a second offense does not put the doer a second time in jeopardy for the first, so as to violate our constitutions. *The augmented punishment is for persisting in wrong by repeating the crime.* * * *' " (Emphasis supplied.) 128 Or at 524.

■ Here the defendant repeated no crime. He persisted in no wrongful conduct. He negligently committed a single criminal act which resulted in the death of two people. For the purpose of the Habitual Criminal Act we think that a conviction of negligent homicide resulting from one accident should be considered as a single conviction, whether or not more than one person was killed in that accident. Any other result would lead to the conclusion that the legislature in enacting the Habitual Criminal Act was concerned not only with repeated criminal acts, but also with the results of a single criminal act. The very name of the act—Habitual Criminal Act—belies that conclusion.

It follows that the judgments imposed on each count in the enhanced penalty proceedings must be set aside and the matter remanded for imposition of sentence in conformity with this opinion.

Reversed and remanded.