■ The Court finds that an award of attorney's fees would not be appropriate in this case.

George W. COATES, Petitioner,

v.

Felix RODRIGUEZ, Respondent.

No. 74-452 Civ.

United States District Court,
D. New Mexico.

Jan. 10, 1975.

Federal Public Defender Organization Attys., Albuquerque, N. M., for George W. Coates.

Andrea Buzzard, Asst. Atty. Gen., Santa Fe, N. M., for Felix Rodriguez.

MEMORANDUM OPINION

PAYNE, Chief Judge.

A Petition For Habeas Corpus was filed in this case by George W. Coates. Originally he named the State of New Mexico as respondent but by an order of the Court the respondent was changed to Felix Rodriguez, who is the Warden of the State Penitentiary.

The petitioner at this time is serving a sentence in Florida. There is a detainer pending against him from the State of New Mexico. His contention is that he does not have a number one card because of the detainer and by reason thereof he is denied certain rights by the authorities where he is imprisoned. Accordingly, he brought his petition for Writ of Habeas Corpus contending that the order or judgment against him in New Mexico was void for various reasons. In his petition he states:

"The petitioner was denied of his Sixth Amendment right to the assistance of counsel at his arraignment, trial and sentencing."

In his brief filed with his petition he states that the charge against him was:

"That George W. Coates was convicted of burglary in the first degree at Oakland, California, April 15, 1943, *and of robbery on December 29, 1946, in Walla Walla, Washington*, in 1951, *and burglary at Tucumcari, New Mexico, on September 26, 1955*, and that all of said offenses would amount to a felony if committed in this state." (emphasis added)

He further stated:

"At least, the two above underlined alleged offenses the Petitioner was without the aid of counsel. And both alleged offenses were subject to collateral attack. Burgett v. Texas, 389 U.S. 109, 19 L.Ed.2d 319, 88 S.Ct. 258."

The petitioner, in 1966 filed a motion to vacate the judgment of the District Court of Quay County. That Court had originally entered the judgment which the petitioner is attacking. The motion

to vacate was denied by the District Court of Quay County and the petitioner appealed to the Supreme Court of New Mexico. The decision of the Supreme Court is found in State of New Mexico v. Coates, 78 N.M. 366, 431 P.2d 744 (1967). Among other things the Supreme Court stated as follows:

"In 1966, the appellant filed a motion to vacate the judgment and sentence on the ground that the court failed to advise the appellant of the possible defenses available, particularly that the convictions in California and Washington could be collaterally attacked."

From the record it appears that a guilty plea to burglary was entered in No. 2980 of Quay County, New Mexico, after which an habitual criminal charge was filed against petitioner in No. 2983. In other words, the habitual criminal case was filed as an independent proceeding separate and apart from the judgment of guilty in the original case.

It has been held in French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964) and Miller v. Cox, 75 N.M. 65, 400 P.2d 480 (1965) that such a plea is void.

In French v. Cox *supra* the Supreme Court of New Mexico stated:

"Since § 41–16–2, supra, may only be invoked to increase the punishment for the principal offense where the penalty therefor is

imprisonment for a term of less. than life, it is clear that no enhanced sentence can be imposed in cause number 2543, supra."

In Miller v. Cox supra the Supreme Court stated:

"However, as in French, supra, the petitioner was never sentenced following the acceptance of his guilty pleas in the two murder cases, but was sentenced under the Habitual Criminal Act to a charge contained in an information in Cause No. 2532, Luna County. This sentence, as stated in French, supra, was void."

In the *French* case the petitioner plead guilty in Causes No. 2543 and No.

2544 and the habitual criminal charge was contained in No. 2545. In the *Miller* case the convictions were in Causes No. 2530 and 2531. The habitual criminal case was filed as No. 2532. In other words the habitual criminal charge was filed in a new case and not in the original cases in which the plaintiff pleaded guilty.

It appears to the Court that this matter has never been presented to the State Courts in the case at bar. It appears to me that this Court should refuse to grant the Writ of Habeas Corpus and let the petitioner file his claim in the State Courts of New Mexico.

In the case of Lewis v. State of New Mexico, 423 F.2d 1048 (1970), the Court of Appeals of the Tenth Circuit speaking through Judge Murrah stated as follows:

"The exhaustion of all available state remedies is of course essential to the exercise of federal court jurisdiction in cases like this. Failure to exhaust available state remedies is excusable only when it is affirmatively shown that resort to them would be an idle or useless effort."

It appears to me that it would not be proper for me to pass on the questions raised by the petitioner concerning the voluntariness of his plea, or the appointment of counsel. It appears to me that until such time as the State Courts of New Mexico have passed on the question which is raised in this opinion that this Court should not consider the other matters.

Accordingly the petition for Habeas Corpus is dismissed so that the petitioner may proceed, if he is so advised, in the State Courts of New Mexico. In other words, it is the opinion of this Court that the petitioner has not exhausted his State remedies with regard to the question of whether or not the sentence is void. It is the further opinion of this Court that I should not pass on other questions until the State Courts determine whether or not the *French* and *Miller* cases apply.

It is true that the petitioner had filed certain proceedings by which the judgment and sentence were attacked but petitioner's objections were not those mentioned in *Miller* and *Cox, supra.*

It is my opinion that the relevant law is stated in United States of America ex rel. Reinhold Langer v. Joseph E. Ragen, 237 F.2d 827 (1956). The first headnote of that case reads as follows:

"Where petitioner for habeas corpus for release from state penitentiary grounded his claim for such petition on the fact that he had exhausted all remedies available to him in the state court and was therefore entitled to invoke the jurisdiction of the United States District Court, his claim of exhaustion of state remedies did not extend to points urged for the first time in the application for habeas corpus, and District Court had jurisdiction to examine and determine only federal questions raised by petitioner in state court proceedings."

The Tenth Circuit Court in Mesmer v. Raines, 298 F.2d 718 (1961) speaking through Chief Judge Murrah stated as follows:

"But since there is nothing in the record to indicate that the remedy sought is unavilable in the state courts, neither the District Court, nor this Court, should entertain the issue."

It appears that the question mentioned in *Miller* and *Cox, supra,* was raised insofar as this case is concerned for the first time in the Federal Court. Since the questions mentioned in those cases might be dispositive of the case I felt that it was improper for me to pass on the other questions under the facts of this case.

In other words, I felt that the orderly disposition of the case would call for a determination of whether or not the entire proceeding was void before I passed on the question of the voluntariness of the plea and the question of counsel.