531 P.2d 1229

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Daniel Joe SANCHEZ, Defendant-Appellant.**

**No. 1523.**

Court of Appeals of New Mexico.
Jan. 29, 1975.

OPINION

HERNANDEZ, Judge.

Defendant was convicted in Bernalillo County of robbery while armed with a deadly weapon. See State v. Sanchez, Ct. App., 530 P.2d 404, issued December 11, 1974. He was then charged by Supplemental Information as an habitual offender, contrary to § 40A–29–5, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), tried by a jury and convicted. From that judgment and the sentence rendered pursuant thereto, defendant appeals, alleging six points of error. We affirm.

Of appellant's six points on appeal, those numbered II through VI, all hinge on the correctness or incorrectness of the last felony conviction in Bernalillo County on October 26, 1973. State v. Sanchez, supra. Since we have already passed on defendant's arguments in that regard and have affirmed the correctness of that proceeding and its result, we believe that none of these points merits further discussion here. Thus, we address ourselves exclusively to the argument raised under the first point on appeal, which reads as follows:

"POINT I: THE TRIAL COURT ERRED IN GIVING INSTRUCTION NO. 1, OVER OBJECTION, AND IN DENYING DEFENDANT'S MOTION TO DISMISS THE SUPPLEMENTAL INFORMATION, AND THE ENHANCED SENTENCE IS VOID, AS THE RECORD ESTABLISHES THAT THE FELONY ENHANCED WAS THE FIFTH FELONY AND N. M. STAT.ANN., SECTION 40A–29–5 (1972) IS NOT APPLICABLE."

The Supplemental Information alleged the following felony convictions: (1)

Aggravated Assault, DeBaca County, October 12, 1965; (2) Robbery, Guadalupe County, January 9, 1970; (3) Aggravated Battery, Guadalupe County, January 9, 1970; (4) False Imprisonment, Guadalupe County, January 9, 1970; and (5) Robbery while armed with a deadly weapon, Bernalillo County, October 26, 1973. At issue is the propriety of the trial court's instruction to the effect that the three 1970 convictions in Guadalupe County should be combined and counted by the jury as one. Appellant's counsel argues, and we believe rightly so, that combination of the three convictions was unsupported by the evidence introduced at trial. Indeed, the only conclusion we can draw from the record before us is that the convictions were all entered on the same date; but whether they were the result of several counts of a "single transaction" crime, or whether they resulted from three unrelated crimes does not appear. Although we have found no New Mexico cases on this point, guidance from other jurisdictions is not unavailable. In general, the cases may be summarized to say that where a conviction on two or more counts arising out of acts committed in the course of a single transaction has been entered, the convictions should count as one for the purpose of sentencing under an habitual offender statute. I. e., State v. Simpson, 152 Wash. 389, 277 P. 998 (1929). On the other hand, where multiple convictions are obtained for crimes unrelated to one another, no prohibition has been found to prevent counting each conviction separately in habitual offender proceedings. I. e., Cox v. State, 255 Ark. 204, 499 S.W.2d 630 (1973).

The question we are left with by the absence of proof on this point is two-fold: first, if the state had proven that the three Guadalupe County convictions resulted from unrelated acts, would it have been barred, as counsel for appellant argues, from proceeding under § 40A–29–5, supra, at all; and second, does the instruction combining the three convictions into one, constitute reversible error?

■ On the first part of the question, appellant would have us hold that by omitting the phrase, "* * * or subsequent offense * * *", from the 1963 reinactment of the Habitual Offender Statute [Laws 1963, ch. 303, § 29–5], the legislature intended to increase punishment for fourth felony offenders to, "* * * imprisonment in the state penitentiary for the term of his natural life.", § 40A–29–5(C), supra, but to leave the fifth, sixth and so forth, felony offender free from enhanced punishment liability. Suffice it to say that principles of construction in the courts of this state do not permit us to construe this statute so as to achieve an absurd result. State v. Herrera, 86 N.M. 224, 522 P.2d 76 (1974). Thus, we hold that prosecution under the New Mexico Habitual Offender Statute, § 40A–29–5, supra, is not barred upon any conviction in addition to the fourth felony conviction, and that such additional conviction may be prosecuted for the purpose of enhancing sentence at any time, otherwise lawful, as if it were the fourth felony conviction.

■ On the second part of the question, we note that by instructing as it did, the trial court reduced the enhanced sentence liability of appellant from possible treatment as a fourth offender [life, § 40A–29–5(C), supra], to treatment as a third offender [from not less than the longest term, to not more than three times the longest term as could have been prescribed upon a first conviction, § 40A–29–5(B), supra]. Thus, we do not see that appellant was in any way prejudiced by the erroneous instruction. See Rule 51, Rules of Criminal Procedure, § 41–23–51, N.M.S.A. 1953 (2d Repl.Vol. 6, 1973 Supp.).

■ With regard to the point raised by counsel for appellant in the Memorandum of Oral Argument, we believe the answer to be factual. Since the 1973 conviction in Bernalillo County for robbery while armed with a deadly weapon was the first such conviction, the enhancement provisions of § 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973) do not apply.

The judgment and sentence appealed from are affirmed.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge, (specially concurring).

The trial court intended to and did instruct the jury on only three separate felonies on three separate dates. The jury found defendant guilty of three separate felonies and sentenced the defendant upon enhancement of the third felony pursuant to § 40A–29–5(B).

The majority opinion if ruled to be enhancement of a fourth or fifth felony, the trial court was mandated by § 40A–29–5(C) to sentence defendant "to imprisonment in the state penitentiary for the term of his natural life." This case should, then be remanded for resentencing.