562 P.2d 1145

STATE of New Mexico, Plaintiff-Appellee,

v.

John C. BAKER and Murphy Patrick Ford, Defendants-Appellants.

No. 2810.

Court of Appeals of New Mexico.

March 29, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Douglas A. Barr, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

What is the proper sentence to be imposed upon an habitual offender convicted in one trial of multiple felonies after a prior felony conviction?

Defendants were convicted of false imprisonment, robbery and unlawful taking of a motor vehicle. Each offense was a felony. See § 40A–4–3, N.M.S.A. 1953 (2d Repl. Vol. 6), § 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975) and § 64–9–4, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, Supp.1975). Each defendant had a prior felony conviction in New Mexico. The trial court enhanced each of the three convictions as a second felony. Defendants challenge the propriety of the enhanced sentences. The proper sentence issue has two parts: (1) whether each of the subsequent convictions could be enhanced and (2) manner of serving the sentences.

Section 40A–29–5, N.M.S.A.1953 (2d Repl. Vol. 6) states:

"Any person who, after having been convicted within this state of a felony . . commits any felony within this state not otherwise punishable by death or life imprisonment, shall be punished as follows:

"A. Upon conviction of such second felony, if the subsequent felony is such

that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than half the longest term, nor more than twice the longest term prescribed upon a first conviction."

*Enhancement of Each of the Subsequent Convictions*

Defendants claim that it would be illogical to treat each of the three subsequent convictions as second felonies because two of the last three convictions are their third and fourth felony convictions. They do not assert, however, that the sentences for two of the last three convictions should be enhanced as third and fourth felony convictions. See Paragraphs B and C of § 40A–29–5, supra. Their contention is that their second, third and fourth felony convictions should be treated as one conviction for purposes of an enhanced sentence.

■ New Mexico decisions have considered multiple convictions in relation to an enhanced sentence under § 40A–29–5, supra. Where multiple convictions occur, and there are no prior felony convictions, none of the sentences are enhanced; rather the regular sentence is imposed for each of the convictions. In this situation there have been no *prior* convictions as required by § 40A–29–5, supra. *State v. Ellis*, 88 N.M. 90, 537 P.2d 698 (Ct.App.1975); see *French v. Cox*, 74 N.M. 593, 396 P.2d 423 (1964). Where there has been one prior conviction and a defendant is convicted of two subsequent felonies at one trial, the second felony conviction may not be utilized to enhance the sentence for the third felony. The reason is that under § 40A–29–5, supra, the second felony conviction is not a *prior* conviction. *State v. Martinez*, 89 N.M. 729, 557 P.2d 578 (Ct.App.1976). These decisions do not aid defendants because there is no issue as to prior convictions; there is only one prior conviction for each of the defendants.

There were five felony convictions charged in *State v. Sanchez*, 87 N.M. 256, 531 P.2d 1229 (Ct.App.1975). Defendant was convicted of the middle three felonies at the same time. *Sanchez* states that if the middle three felonies were for unrelated crimes, each could be counted as a separate conviction in habitual offender proceedings. If, however, the multiple convictions arose out of a unified course of events, the multiple convictions counted as one conviction in the habitual offender proceedings. In *Sanchez*, the middle three felonies were counted as one in the trial court; the enhanced sentence for defendant's fifth felony conviction was on the basis of a third felony under § 40A–29–5, supra. *Sanchez* is not applicable because it involved *prior* multiple convictions; this case involves subsequent multiple convictions.

The New Mexico decisions to which reference has been made do not provide the answer to the issue in this case; they do, however, answer the "logic" contention of defendants. Because the enhanced sentence provisions of § 40A–29–5, supra, require *prior* convictions, the number of convictions which may be utilized under § 40A–29–5, supra, will not necessarily equate with the total number of a defendant's felony convictions.

Defendants point out that § 40A–29–5(A), supra, is worded in the singular—conviction of a second felony. They contend that the absence of the plural means there can be only one second felony. This argument is meritless. Section 1–2–2(B), N.M.S. A.1953 (Repl. Vol. 1) provides that the singular may be extended to several things. The opening paragraph to § 1–2–2, supra, states that such a rule of construction "shall be observed" unless inconsistent with manifest legislative intent. Section 40A–29–5, supra, does not indicate a legislative intent that "conviction" may not be extended to cover "convictions".

■ We are aware that penal statutes are to be construed strictly and in favor of the defendant. *State v. Couch*, 52 N.M. 127, 193 P.2d 405 (1948). However, there is no basis for construction when the language is unambiguous; in this situation the Legis-

lature must be understood as meaning what it expressly declared. *State v. Shop Rite Foods, Inc.,* 74 N.M. 55, 390 P.2d 437 (1964); *State v. Ortiz,* 78 N.M. 507, 433 P.2d 92 (Ct.App.1967).

■ In some jurisdictions, the habitual offender statute has specific provisions for the treatment of multiple convictions. See *State v. McCall,* 14 N.J. 538, 103 A.2d 376 (1954). With the wording of New Mexico's statute such provisions are not needed. Section 40A-29-5, supra, states that anyone, after having been convicted of a felony in New Mexico "commits *any* felony within this state . . . shall be punished" (emphasis ours) as therein provided. "Any felony" is an inclusive term; it does not distinguish between multiple felony convictions and single felony convictions. See *State v. Kendall* (Ct.App.) 90 N.M. 236, 561 P.2d 935, decided January 4, 1977, overruled on other grounds, *Kendall v. State,* 90 N.M. 191, 561 P.2d 464, Sup.Ct., decided March 9, 1977. With this statutory language, the trial court properly enhanced each of the three subsequent felony convictions as second felony convictions. See *Hodges v. Mayo,* 65 So.2d 750 (Fla.1953); *State v. Sortor,* 10 Or.App. 316, 499 P.2d 1370 (1972); *Melby v. State,* 70 Wis.2d 368, 234 N.W.2d 634 (1975).

*Manner of Serving the Enhanced Sentences*

The regular statutory sentences were imposed for each of the three subsequent convictions. Ford's sentence for false imprisonment was suspended and he was placed on probation for that offense. Ford's sentences for robbery and for unlawfully taking a motor vehicle were to be served consecutively, but concurrently to a prison term Ford was then serving. Baker's sentences for false imprisonment and robbery were to be served consecutively; his sentence for unlawfully taking a motor vehicle was to be served concurrently. These sentences were to be served consecutively to a prison term Baker was then serving. The sentences referred to in this paragraph were imposed in September, 1976.

Thereafter supplemental proceedings were held in which it was determined that defendants were habitual offenders. Enhanced sentences for second felonies were imposed for each of the three subsequent felonies. Ford's sentences for robbery and for unlawfully taking a motor vehicle were to be served consecutively; his sentence for false imprisonment was to be served concurrently; the three sentences were to be served consecutively to the prison term Ford was then serving. Baker's sentences were to be served in the same manner. The enhanced sentences were imposed on November 30, 1976 and filed on December 3, 1976.

A comparison shows that, as to each defendant, the manner of serving the sentences was changed.

■ Ford's sentence for false imprisonment was changed from a suspended sentence to a sentence to be served concurrently with sentences for the other two offenses. Inasmuch as the trial court has no authority to suspend the enhanced sentence, the change from a suspended sentence to a sentence to be served was proper. *State v. Lujan,* 90 N.M. 103, 560 P.2d 167, decided February 14, 1977.

■ Two changes occurred in Baker's sentences. Baker's false imprisonment sentence was changed so that it was to be served concurrently rather than consecutively; his sentence for unlawfully taking a motor vehicle was changed so that it was to be served consecutively rather than concurrently. Were these changes proper? They were.

■ Regular sentences were imposed upon defendants prior to the time their status as habitual offenders was determined. In this situation the regular sentences are to be vacated and the enhanced sentences are to be imposed. *Lott v. Cox,* 75 N.M. 102, 401 P.2d 93 (1965); *State v. Martinez,* supra. The record does not show that the regular sentences, those imposed in September, 1976, have been vacated.

■ The enhanced sentences are new sentences. *Lott v. Cox,* supra. At the time

of imposing the enhanced sentences, the situation was as if no sentence for the subsequent felonies had been imposed. See *State v. Bonner*, 81 N.M. 471, 468 P.2d 636 (Ct.App.1970). In imposing the new enhanced sentences, the trial court's arrangement of the manner in which the new enhanced sentences were to be served was not limited by the arrangement for serving the regular sentences which should have been vacated.

No issue having been raised as to whether concurrent sentences are permissible for enhanced sentences, we express no opinion on the question. We note, however, that § 40A–29–5, supra, says nothing about the manner of serving the enhanced sentences. See *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972); *Hodges v. Mayo*, supra; *Melby v. State*, supra.

Defendants' enhanced sentences are affirmed. The cause is remanded for entry of an order vacating the September, 1976 sentences.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.