565 P.2d 1037

STATE of New Mexico, Plaintiff-Appellee,

v.

Henry Lee ROLAND, Defendant-Appellant.

No. 2789.

Court of Appeals of New Mexico.

April 19, 1977.

Certiorari Denied May 24, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Dennis P. Murphy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

In 1973 defendant was convicted of larceny. In 1976 defendant was convicted of armed robbery committed by use of a firearm. This Court affirmed the armed robbery conviction by memorandum in *State v. Roland,* (Ct.App.) No. 2656, decided November 2, 1976. This appeal involves proceedings against defendant as an habitual offender. Section 40A–29–5, N.M.S.A. 1953 (2d Repl. Vol. 6). Two issues have been briefed: (1) the validity of the prior larceny conviction, and (2) the propriety of enhancing defendant's sentence for armed robbery. Issues listed in the docketing statement, but not briefed, have been abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

*Prior Conviction*

Defendant sought dismissal of the habitual offender charge on the basis that his prior conviction for larceny was invalid as a matter of law. He claims the trial court erred in denying this motion.

Defendant pled guilty to larceny; his larceny conviction is based on that plea. He claims the plea was invalid because of the procedure followed by the trial court in accepting the guilty plea. He argues two grounds.

First, defendant claims R.Crim.P. 21(e) was violated in that the trial court failed to advise defendant that if he pled guilty "there will not be a further trial of any kind". This provision was not in effect

at the time of defendant's guilty plea, having been added by an amendment effective October 1, 1974. See annotation to § 41–23–21, N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975).

Second, the transcript of the proceedings at the time of the guilty plea shows that defendant was not advised that his guilty plea waived the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. Because of a lack of specific reference to these rights, defendant contends his guilty plea was invalid under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We stated our understanding of *Boykin* in *State v. Martinez,* 89 N.M. 729, 557 P.2d 578 (Ct.App. 1976):

> "The reference to three enumerated constitutional rights demonstrates the gravity of the trial court's responsibility in accepting a guilty plea. *Boykin* did not impose a procedural requirement that the three constitutional rights be enumerated before a guilty plea would be valid."

Defendant does not claim that his plea of guilty to larceny was involuntary. The transcript of the proceedings indicates that the plea was in fact voluntary. See *State v. Martinez,* supra.

The trial court did not err in refusing to hold the guilty plea invalid as a matter of law.

*Enhanced Sentence for Armed Robbery*

The current, and second, felony conviction is defendant's first conviction for armed robbery; it is a second degree felony. Section 40A–16–2, N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975). Because the offense was committed by use of a firearm, his sentence was increased. Defendant does not claim that his original penitentiary sentence of not less than fifteen nor more than fifty-five years was improper. See § 40A–29–3(B), N.M.S.A. 1953 (2d Repl. Vol. 6) and § 40A–29–3.1(A)(1), N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975).

Defendant complains of the enhanced sentence imposed upon him as an habitual offender. The enhanced sentence is for not less than twenty-seven and one-half years and not more than one hundred ten years in the penitentiary. Defendant contends: (1) any enhancement as an habitual offender is not authorized; and (2) if authorized, the enhancement was figured incorrectly.

(1) Habitual Offender Enhancement for Armed Robbery

■ Section 40A–16–2, supra, provides that second or subsequent armed robbery convictions are first degree felonies. Defendant asserts this is a specific enhancement provision for armed robbery and, because of this specific provision, the general enhancement provisions for habitual offenders are not applicable. *State v. Sanchez,* 87 N.M. 256, 531 P.2d 1229 (Ct.App. 1975) pointed out that a similar argument was inappropriate when the facts showed only one armed robbery conviction. Defendant asserts that *State v. Sanchez,* supra, should be overruled, and that his contention is controlled by *State v. Lujan,* 76 N.M. 111, 412 P.2d 405 (1966). We disagree.

In *State v. Lujan,* supra, the habitual offender statute was used to enhance a sentence for violation of the applicable narcotic drug law. *Lujan* held that the penalty provisions of the two laws conflicted and that the legislative intent was that narcotic violations were to be punished only under the specific narcotic drug law. With this legislative intent, the general habitual offender statute did not apply.

*Lujan,* supra, discusses two decisional grounds—the inapplicability of a general statute which conflicts with a specific statute and legislative intent. Both concepts have been recognized in subsequent decisions. *State v. Alderete,* 88 N.M. 150, 538 P.2d 422 (Ct.App. 1975); *State v. Lard,* 86 N.M. 71, 519 P.2d 307 (Ct.App. 1974). The result in *Lujan* does not control this case because the issue here is the applicability of the habitual offender statute to an armed robbery conviction and not to a narcotic conviction; a different statute is involved. We agree, however, that the approach taken in *Lujan* is appropriate. Is there a con-

flict between the habitual offender statute and the armed robbery statute? What was the legislative intent?

Both the armed robbery statute and the habitual offender statute were enacted as a part of the Criminal Code. Laws 1963, ch. 303. The original enactment of § 40A–16–2, supra, contained no enhancement provisions for armed robbery. Thus, as originally enacted, the penalty for armed robbery did not conflict with the habitual offender statute.

Section 40A–16–2, supra, was amended by Laws 1973, ch. 178, § 1. This amendment provided that second or subsequent armed robberies were first degree felonies. This was an enhanced penalty because the penalty for a first degree felony is life imprisonment, § 40A–29–3(A), supra; a penalty greater than the penalty for a second degree felony.

■ Even with the increased penalty for second or subsequent armed robberies, there is no conflict with the habitual offender statute. Defendant's armed robbery conviction is his second felony conviction. The pertinent portion of § 40A–29–5, supra, reads:

"Any person who, after having been convicted within this state of a felony, or who has been convicted under the laws of any other state government or country, of a crime or crimes which if committed within this state would be a felony, commits any felony within this state not otherwise punishable by death or life imprisonment, shall be punished as follows:

"A. Upon conviction of such second felony, if the subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than half the longest term, nor more than twice the longest term prescribed upon a first conviction."

Under the first paragraph of the above quotation, the statute applies to a current felony "not otherwise punishable by death or life imprisonment". Second or subsequent armed robberies are punishable by life imprisonment. Section 40A–29–5, supra, does not apply to second and subsequent armed robberies. See *French v. Cox,* 74 N.M. 593, 396 P.2d 423 (1964).

Under Paragraph A of the above quotation the statute applies to a current felony, if upon first conviction, the felony is punishable by a term "less than his natural life". A first conviction for armed robbery is punishable by a ten-to-fifty-year prison sentence. The statute applies to a first armed robbery conviction.

There is no conflict between § 40A–16–2, supra, and § 40A–29–5, supra, because: (a) Enhancement of the sentence for the first armed robbery occurs under § 40A–29–5, supra; there is no enhancement under § 40A–16–2, supra, for the first armed robbery. (b) Enhancement of the sentence for second or subsequent armed robberies occurs under § 40A–16–2, supra; there is no enhancement under § 40A–29–5, supra, for second or subsequent armed robberies.

■ Legislative intent is to be determined primarily from the language used in the statute. *State v. McHorse,* 85 N.M. 753, 517 P.2d 75 (Ct.App. 1973). *State v. Lujan,* 90 N.M. 103, 560 P.2d 167 (1977) considered the wording of § 40A–29–5, supra, and held that the Legislature intended the habitual offender statute to be mandatory. With this mandatory language, § 40A–29–5, supra, applies to first convictions for armed robbery.

(2) Figuring the Enhanced Penalty

■ Defendant contends that the enhanced sentence for an habitual offender should be based on the conviction for armed robbery; that the enhanced sentence cannot be based on the increased penalty for use of a firearm. This argument emphasizes the words "felony" and "conviction" in the above-quoted statute. Under this approach, defendant asserts his enhanced sentence should be a twenty-five-to-one hundred-year sentence rather than the twenty-seven and one-half-to-one hundred ten-year sentence imposed.

Instead of emphasizing selected words, we consider the statute as a whole. The statute says that the enhanced sentence must be "for a term not less than half the longest term, nor more than twice the longest term prescribed upon a first conviction." The term prescribed for his armed robbery conviction was fifteen to fifty-five years because the crime was committed by use of a firearm. The enhanced sentence of twenty-seven and one-half to one hundred ten years was the proper sentence.

We note that the original sentence of fifteen to fifty-five years has never been vacated. The cause is remanded solely for the purpose of vacating the original sentence. See *State v. Baker,* 90 N.M. 291, 562 P.2d 1145 (Ct.App.) filed March 29, 1977.

The judgment and the enhanced sentence entered November 19, 1976 are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.