STATE of Iowa, Appellant,

v.

Susan Kathleen THOMAS, Appellee.

No. 61878.

Supreme Court of Iowa.

Feb. 21, 1979.

Thomas J. Miller, Atty. Gen., and Jim P. Robbins, County Atty., for appellant.

No appearance for appellee.

LeGRAND, Justice.

In this case Susan Kathleen Thomas was alleged to be an habitual traffic offender under § 321.555(1), The Code. The state accordingly asked that her driving privileges be suspended. The trial court ruled for defendant and dismissed the state's petition. The state appeals and we reverse.

The statute in question (§ 321.555(1)) provides as follows:

"As used in this division, 'habitual offender' means any person who has accumulated convictions for separate and distinct offenses described in subsections 1, 2, or 3 * * * as follows:

(1) Three or more convictions within a six-year period, of the following offenses, either singularly or in combination:

\* \* \* \* \* \*

b. Driving a motor vehicle while under the influence of an alcoholic beverage or a controlled substance as defined in § 204.101.

c. Driving a motor vehicle while operator's or chauffeur's license is suspended or revoked.

\* \* \* \* \* \*

g. A violation of the traffic laws, except parking regulations, committed during a period of suspension or revocation."

Defendant was convicted of three violations within a six-year period as follows: February 23, 1976, conviction for OMVUI; April 8, 1977, conviction for reckless driving; and October 24, 1977, conviction for driving while her license was under suspension.

Defendant does not deny any of these convictions but says the last two are not

"separate and distinct" offenses because they arose out of the same events. When she was arrested for reckless driving, her driver's license was under suspension. She was charged with and convicted of both violations—reckless driving (the April 8, 1977 conviction) and driving while her license was under suspension (the October 24, 1977 conviction).

The issue here is whether these two convictions, having arisen out of the same acts, constitute only one offense. If so, defendant has only two, instead of the required three, convictions. This is the basis upon which the trial court held for defendant.

We must determine what the legislature intended by "separate and distinct offenses." We decided another case involving this statute in *State v. Dague,* filed January 24, 1979, but it did not touch the same issue which now confronts us.

■ Basic to our determination is the rule that the legislature is its own lexicographer. *Cedar Rapids Community School District v. Parr,* 227 N.W.2d 486, 495 (Iowa 1975). For present purposes, "habitual offender" means what the legislature says it means in § 321.555(1). As the trial court pointed out, the common definition of "habitual" involves the notion of repeated acts and persistent conduct. Perhaps, as the trial court found, this would ordinarily rule out the separate use of two convictions which arose out of the same acts.

■ However, the statute defines habitual offender as one who has accumulated three convictions for separate and distinct offenses. It focuses on the number of convictions rather than on the persistency of the conduct. It seems clear that reckless driving and driving with a suspended driver's license are separate and distinct, even though occurring simultaneously.

The trial court relied on *State v. Murray,* 200 Kan. 526, 437 P.2d 816, 820 (1968); *State v. Sanchez,* 87 N.M. 256, 531 P.2d 1229, 1231 (N.M.App.1975); *State v. Sortor,* 10 Or.App. 316, 499 P.2d 1370, 1372 (1972); *State v. Simpson,* 152 Wash. 389, 277 P. 998, 999 (1929). While these cases all deal with habitual offender statutes, none is concerned with driving violations. One other state has reached the same conclusion we do under virtually identical facts. *Estes v. Commonwealth,* 212 Va. 23, 181 S.E.2d 622, 624 (1971).

■ We believe there is a significant difference in the philosophy behind habitual criminal statutes generally and those dealing with driving violations. In the former, the primary concern is rehabilitation. *See State v. Conley,* 222 N.W.2d 501, 503 (Iowa 1974). In the latter, the statute is designed to protect the public from those drivers who refuse to observe the rules of prudence and safety.

■ We believe the state was right in arguing the legislature intended three convictions within six years to be grounds for suspension without the added condition that each must occur at a different time. Accordingly, we believe the trial court erred and the judgment is reversed with instructions that the judgment be entered suspending defendant's driving privileges as provided in §§ 321.559 and 321.560, The Code.

REVERSED.

All Justices concur except UHLEN-HOPP, J., who dissents.

UHLENHOPP, Justice (dissenting).

Suppose that on a single occasion a person with no previous convictions for driving violations operates a car (1) while intoxicated, (2) in excess of the statutory limit, and (3) while his driver's license is suspended, and is convicted of all three offenses. Under the court majority's construction of § 321.555(1), this hypothetical driver would be an instant habitual offender. I agree with the District Judge that a person who commits simultaneous offenses is not an "habitual" offender. "Habitual" connotes more than a single occasion. It means "customary" or "usual." Webster's Third New International Dictionary (1961). I would therefore affirm the judgment.