594 P.2d 1190

STATE of New Mexico,
Plaintiff-Appellant,

v.

Robert T. MONTOYA,
Defendant-Appellee.

No. 3791.

Court of Appeals of New Mexico.

April 3, 1979.

Writ of Certiorari Denied May 1, 1979.

Jeff Bingaman, Atty. Gen., Santa Fe, James F. Blackmer, Asst. Atty. Gen., Albuquerque, for plaintiff-appellant.

G. Hank Farrah, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

After his latest conviction, for "failure to appear" (§ 31–3–9, N.M.S.A.1978), a supplemental information charged that defendant was an habitual offender. The supplemental information sought enhancement of the "failure to appear" sentence on the basis of ten previous convictions. The trial court struck the paragraph in the supplemental information which alleged a conviction in federal court. The trial court ruled that seven of the previous convictions should be counted as only one prior conviction under our habitual offender statute. The State appealed. We discuss whether: (1) the federal conviction was a "prior" conviction under the habitual offender statute; and (2) the seven convictions should be counted as more than one "prior" under the habitual offender statute.

Section 31–18–5, N.M.S.A.1978 states:

Any person who, after having been convicted within this state of a felony, or who has been convicted under the laws of any other state government or country, of a crime or crimes which if committed within this state would be a felony, commits any felony within this state not otherwise punishable by death or life imprisonment, shall be punished . . . . .

The punishment depends on the number of prior felonies. The parties agree that paragraphs 1 and 2 of the supplemental information charge but one prior felony. The dispute as to paragraphs 3 through 10 of the supplemental information presents the question as to whether defendant is exposed to a sentence, under § 31–18–5, supra, as a third, or fourth, felony offender.

### The Federal Offense

Paragraph 3 of the supplemental information alleged that defendant had been

"convicted of ILLEGAL PURCHASE OF HEROIN, a felony, in Criminal Cause No. 24315 in the United States District Court for the District of New Mexico, Albuquerque, New Mexico, on April 6, 1971." Although the federal statute is not identified in the record, the parties do not dispute that defendant's purchase violated 26 U.S.C.A. § 4704(a) (1967) at the time of the purchase.

The trial court struck the paragraph 3 allegations, ruling that "the federal crime of illegal purchase of heroin, contrary to 26 U.S.C., Section 4704(A), would not be a crime under the laws of the State of New Mexico . . . ."

At the time of defendant's federal conviction, and presumably at the time the federal offense was committed (inasmuch as the record does not show the date of the federal offense). New Mexico prohibited the possession of heroin except in limited circumstances. Sections 54–7–1 and 54–7–13, N.M.S.A.1953 (Repl.Vol. 8, pt. 2).

■ "A prior conviction in another jurisdiction which was not a felony under the laws of New Mexico will not support an enhanced sentence." *State v. Silas*, 92 N.M. 434, 589 P.2d 674 (1979). "For the federal conviction to be considered as a prior conviction under the habitual offender statute, the conviction must have been for a crime 'which if committed within this state would be a felony'". *State v. Garcia*, 92 N.M. 730, 594 P.2d 1186 (1978).

Defendant contends the federal crime of illegal purchase of heroin would not have been a felony in New Mexico because the elements of an illegal purchase under the federal statute did not include possession, which was the New Mexico offense.

Defendant relies on *United States v. Brown*, 207 F.2d 310 (7th Cir. 1953). *Brown* states that the federal statute did not make it a crime to possess narcotics, but only to purchase them. *Brown* also states that while a person illegally purchasing narcotics "would probably have narcotics in his possession, the possession is not a necessary element" of the crime. *Brown* does not answer our question. Our question does not involve the elements of the federal statute. Our question, when the federal elements have been met, is whether the federal crime would have been a felony under New Mexico law. Specifically, the question is whether defendant's illegal purchase of heroin would have amounted to the crime of illegal possession of heroin under New Mexico law.

Federal decisions establish that there is a relationship between "purchase" and "possession". Unexplained possession of the narcotic is sufficient to sustain a conviction for illegal purchase. *United States v. Gulley*, 374 F.2d 55 (6th Cir. 1967); see *Amaya v. United States*, 373 F.2d 197 (10th Cir. 1967). Our question is the converse—would the illegal purchase of heroin amount to the crime of illegal possession? Yes.

■ "Purchase" means "to obtain (as merchandise) by paying money or its equivalent . . . ." "Obtain" means "to gain or attain possession . . . ." Webster's Third New International Dictionary (1966). "Possession" may be actual or constructive. See U.J.I.Crim. 36.40. Constructive possession requires no more than knowledge of the narcotic and control over it; control, in turn, requires no more than the power to produce or dispose of the narcotic. *State v. Montoya*, 85 N.M. 126, 509 P.2d 893 (Ct.App. 1973); *Amaya v. United States*, supra.

■ The illegal purchase of heroin under the federal statute would have been the crime of illegal possession of heroin if committed in New Mexico. The trial court erred in striking from the supplemental information, the allegation concerning the federal conviction for illegal purchase of heroin.

*The Seven Convictions*

Paragraphs 4 through 10 of the supplemental information allege seven convictions involving heroin. All the convictions were on March 29, 1977. According to the State's brief, these convictions occurred at one trial by one jury.

*State v. Sanchez*, 87 N.M. 256, 531 P.2d 1229 (Ct.App.1975) indicates that where multiple convictions occur at a single trial, whether the convictions may be counted as more than one conviction to enhance a sentence for a subsequent conviction under the habitual offender statute depends on whether the convictions were a "single transaction" crime or were crimes unrelated to one another. "Single transaction" convictions would count as only one "prior" under the habitual offender statute; unrelated convictions would count as multiple convictions. See also *State v. Baker*, 90 N.M. 291, 562 P.2d 1145 (Ct.App.1977).

Relying on *State v. Sanchez*, supra, the State urges us to hold that the seven heroin convictions should be counted as four prior convictions under the habitual offender statute. *State v. Linam*, —— N.M. ——, —— P.2d ——, No. 11,816, decided January 11, 1979 [St. B. Bull., Vol. 18, No. 5, page 67] rejects the "unrelated crime" concept discussed in *State v. Sanchez*, supra. *Linam* states: "[I]t is inherent in the habitual criminal act that, after punishment is imposed for the commission of a crime, the increased penalty is held *in terrorem* over the criminal for the purpose of effecting his reformation and preventing further and subsequent offenses by him." Consistent with this purpose, *Linam* holds that "each felony must have been committed after conviction for the preceding felony."

Under *State v. Linam*, supra, the seven heroin-related convictions cannot be treated as more than one prior conviction under the habitual offender statute. The reason is that the seven convictions occurred at the same trial and, thus, none of the seven offenses could have been committed after any one of the seven convictions. This result is consistent with other decisions limiting the use of multiple convictions at one trial for the purpose of enhancing the sentence for the latest conviction. *State v. Garcia*, 91 N.M. 664, 579 P.2d 790 (1978); *State v. Baker*, supra; *State v. Martinez*, 89 N.M. 729, 557 P.2d 578 (Ct.App.1976), cert. denied, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 367 (1977); *State v. Ellis*, 88 N.M. 90, 537 P.2d 698 (Ct.App.1975).

The trial court correctly ruled that the seven heroin-related convictions could be counted as only one prior conviction under the habitual offender statute.

That part of the trial court's order which struck the allegation of the prior federal conviction is reversed; that part of the trial court's order which held that the seven heroin-related convictions would be treated as one prior conviction in the habitual offender proceedings is affirmed. The cause is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.