STATE of Iowa, Appellee,

v.

Steven James BAUDLER, Appellant.

No. 83–965.

Supreme Court of Iowa.

May 16, 1984.

David P. Jennett, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., George W. Brewster, Jr., and Robert P. Ewald, Asst. Attys. Gen., and Willard W. Olesen, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Defendant Steven James Baudler appeals from a judgment finding him to be an habitual offender in the operation of a motor vehicle pursuant to Iowa Code section 321.555(2) (1983). He contends: (1) that five separate motor vehicle convictions arising out of a single incident and based on the same set of operative facts should not be considered as separate and distinct offenses for the purposes of determining his habitual offender status; and (2) that, when the exceptions under section 321.-555(2) are considered, his driving record did not show six separate and distinct offenses sufficient to find him to be an habitual offender. We find no reversible error and therefore affirm the trial court's judgment.

In accordance with Iowa Code section 321.556, the Iowa Director of Transportation prepared an abstract of the driving record of Steven Baudler, a person who appeared to be an habitual offender. The State then filed a petition against the defendant in district court requesting the determination of whether or not the defendant was an habitual offender pursuant to section 321.555(2) which provides:

> As used in this division, "habitual offender" means any person who has accumulated convictions for *separate and distinct offenses* described in subsections 1, 2, or 3, committed after July 1, 1974, for which final convictions have been rendered, as follows:
>
> . . . .
>
> 2. Six or more of any *separate and distinct offenses* within a two-year period *in the operation of a motor vehicle* which are required to be reported to the department by section 321.207 or chapter 321C, *except* equipment violations, violations of parking regulations of cities, violations of registration laws, operating a vehicle with an expired license or permit, failure to appear, and weights and measures violations and speeding violations of less than fifteen miles per hour over the legal speed limit.

(Emphasis added.)

Section 321.207, which is referred to in the above statute, states in part:

> Every court having jurisdiction over offenses committed under this chapter, or any other law of this state or any city or county traffic ordinances, other than parking regulations, regulating the operation of motor vehicles on highways, shall forward to the department a record of *the conviction of any person in the court for a violation of any of the laws* . . . .

The defendant's abstract listed the following convictions, on the dates indicated, arising out of the operation of his motor vehicle: (1) violation motorcycle/moped law, 5–7–81; (2) speeding 65/55, 6–15–81; (3) miscellaneous, 10–23–81; (4) miscellaneous, 12–7–81; (5) failure to yield to emergency vehicle, 11–16–82; (6) improper passing, 11–16–82; (7) failure to obey traffic sign/signal, 11–16–82; (8) speeding 44/25, 11–16–82; (9) driving without headlamps, 11–16–82; (10) failure to obey an officer, 1–19–83; and (11) speeding 38/25, 1–19–83.

The five convictions of November 16, 1982, arose out of a single incident on August 27, 1982, and were based on the same set of operative facts.

After a brief hearing in which defendant admitted that the abstract introduced in evidence by the State accurately reflected his driving record of convictions for the operation of his motor vehicle, the court concluded that defendant was an habitual offender and suspended his license for one year pursuant to section 321.560.

Baudler contends the court erred in finding him to be an habitual offender because, when considering the enumerated excep-

tions in section 321.555(2), his record does not contain six "separate and distinct" convictions arising from the operation of a motor vehicle. Defendant sets forth two approaches to further his contention that his driving record supports a finding of only five convictions for purposes of determining his "habitual offender" status.

Defendant first notes, however, and we agree, that his convictions on June 15, 1981, for speeding 65 in a 55 mile-per-hour zone and on January 19, 1983, for speeding 38 in a 25 zone must be excluded, for purposes of determining his status as an habitual offender, under the exception in section 321.555(2) concerning "speeding violations of less than fifteen miles per hour over the legal speed limit." See division II *infra.* These obvious exclusions leave nine potential convictions to be considered in determining defendant's habitual offender status.

■■■ I. *Interpretation of "separate and distinct offenses."* Defendant's first assignment contends that the five motor vehicle convictions of November 16, 1982, which arose out of a single incident, should not be considered as "separate and distinct offenses" but should instead be considered as a group to be a single offense under the habitual offender statute, Iowa Code section 321.555(2).

Baudler concedes this argument was previously rejected by this court in *State v. Thomas,* 275 N.W.2d 422 (Iowa 1979), in which we held that, under section 321.-555(1), multiple convictions arising out of a single incident are each to be considered "separate and distinct" offenses. We said: "It seems clear that reckless driving and driving with a suspended driver's license are separate and distinct, even though occurring simultaneously." *Id.* at 423.

Defendant attempts to distinguish his case, however, by highlighting the terms "singularly or in combination" which are found in subsection 321.555(1) but not in subsection 321.555(2). He argues that the exclusion of such language from subsection 321.555(2) evidences a legislative intent to treat the term "habitual offender" dif-

ferently in the two subsections. He contends the term "habitual offender" should be afforded its common definition which "involves the notion of repeated acts and persistent conduct." *Thomas,* 275 N.W.2d at 423.

We conclude, however, that *Thomas* cannot be read so narrowly. Our holding in *Thomas* was based on an interpretation of the phrase "separate and distinct offenses" which is found in the initial paragraph of section 321.555. *Thomas,* 275 N.W.2d at 423 ("The issue here is whether these two convictions, having arisen out of the same acts, constitute only one offense.... We must determine what the legislature intended by 'separate and distinct offenses.'"). We did not look to the phrase "singularly or in combination" in determining the interpretation and applicability of "separate and distinct offense" in that case. In fact, the phrase was never mentioned in that opinion except for its inclusion in the statutory quotation and thus cannot be afforded the significance defendant attempts to place on it.

We believe the holding in *Thomas* is determinative on this issue because its scope encompasses both subsections 1 and 2 in that it focuses on the "separate and distinct offense" language found in the opening paragraph of section 321.555. In *State v. Dague,* 274 N.W.2d 293, 295 (Iowa 1979), we noted: "The opening paragraph [of section 321.555] refers to the *accumulation* of convictions. Subsections 1 and 2 differ only in describing the kind of convictions and the relevant period in which they took place." (Emphasis added.) In *Thomas,* 275 N.W.2d at 423, we said the habitual offender statute "focuses on the number of convictions rather than on the persistency of the conduct."

We therefore hold that multiple convictions arising out of a single incident are each to be considered "separate and distinct offenses" for purposes of determining an individual's status as an "habitual offender" pursuant to Iowa Code section 321.555(2).

We find no merit in this assignment.

II. *Statutory exceptions and the burden of proving them.* Defendant's second contention is that at least four of the remaining nine convictions should have been excluded along with the two speeding convictions as exceptions provided for in section 321.555(2). He further argues that the State bears the burden of proof which would have required the State to prove that the motor vehicle convictions listed on his abstract were not statutory exceptions.

In addition to section 321.555(2), the statutes bearing on the burden of proof issue are as follows:

> 321.556 *Abstracts of conviction.* The director of transportation shall certify three abstracts of the conviction record ... of any person who appears to be an habitual offender, to the county attorney ... [who] upon receiving the abstract ... shall file a petition against the person named therein [in district court]. *The petition shall request the court to determine whether or not the person named therein is an habitual offender.*
>
> 321.557 *Admission in evidence.* The abstract certified by the director may be admitted as evidence as provided in section 622.43. *The abstract shall be prima-facie evidence that the person named therein was duly convicted by the court ... of each offense shown by such abstract, and if such person shall deny any of the facts as stated therein, he shall have the burden of proving that such is untrue.*
>
> 321.558 *Order to appear.* Upon the filing of the petition, a judge of the district court shall enter an order incorporating by attachment the aforesaid abstract and *direct the person named therein as defendant to appear as ordered by the court and show cause why such person should not be barred from operating a motor vehicle on the highways of this state....*

(Emphasis added.)

■ In construing these statutes, we attempt to give effect to every portion of them. *Loras College v. Iowa Civil Rights Commission,* 285 N.W.2d 143, 148 (Iowa 1979).

We note first that the State is required under the applicable statutes to prove by a preponderance of the evidence in this civil action, Iowa R.App.P. 14(f)(6), that defendant committed six separate and distinct offenses in the operation of a motor vehicle in order to support a judgment that he is an "habitual offender" pursuant to section 321.555(2). *See* Iowa Code § 321.556; Iowa R.App.P. 14(f)(5) ("Ordinarily the burden of proof on an issue is upon the party who would suffer loss if the issue were not established." i.e., the State's petition would be dismissed.).

■ We believe that the State proves a prima facie case when the abstract of defendant's convictions is received in evidence and colorably shows that defendant has at least six convictions that can be counted under section 321.555(2) toward a conclusion that he is an "habitual offender."

■ Section 321.558 requires the defendant to appear and show cause why he should not be barred from operating a vehicle on the highways. This burden, *inter alia,* would require him to go forward and produce some evidence that his offenses shown in the abstract come under an exception listed in section 321.555(2) and should not be counted against him in determining whether he is an habitual offender. Subsection (2) has seven exceptions relating to offenses that may not be counted in determining a person's habitual offender status. It is reasonable to place this burden on defendant because the issuance and retention of a driver's license is a privilege and not a right. *Gottschalk v. Sueppel,* 258 Iowa 1173, 1181, 140 N.W.2d 866, 870 (1966). Defendant must raise an exception before the State would be obligated to negate it in connection with its overall burden of proof to show that defendant is an habitual offender.

■ A defendant need not, however, affirmatively raise as exceptions those convictions that are clearly shown by the face

of the abstract to be statutory exceptions. Thus, defendant in this case had no duty to affirmatively raise two of his speeding convictions as statutory exceptions because the face of the abstract clearly shows that they are within the exception in section 321.555(2) concerning "speeding violations of less than fifteen miles per hour over the legal speed limit." The abstract itself, which is before the court, is conclusive evidence of such unambiguous and undisputed exceptions. Defendant's remaining convictions, however, are not shown on the face of the abstract to be within an exception and thus must be examined in accordance with the above stated procedure.

These conclusions are consistent by analogy with the burden of proof and production of evidence requirements in certain other civil and criminal proceedings.

In the contempt situation for failure to pay alimony, we noted in *Harkins v. Harkins*, 256 Iowa 207, 211, 127 N.W.2d 87, 90 (1964), that when failure to pay alimony has been established, a prima facie case is made and the burden then falls on the alleged contemnor to purge himself of contempt. *Cf.* Iowa Code § 321.558 (Defendant required to appear and show cause why he should not be barred from operating a motor vehicle on the highways).

In criminal cases involving violations of the Uniform Controlled Substances Act, Iowa Code chapter 204, the burden falls on the defendant to produce some evidence that the controlled substance found in his or her possession comes within a statutory exception. Iowa Code section 204.507(1); *State v. Gibbs*, 239 N.W.2d 866 (Iowa 1976).

Iowa Code section 204.507(1) provides:

It is not necessary for the state to negate any exemption or exception set forth in this chapter in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this chapter. The proof of entitlement to any exemption or exception by the person claiming its benefit shall be a valid defense.

We had the opportunity to construe section 204.507(1) in *State v. Gibbs*, 239 N.W.2d 866 (Iowa 1976). We held:

Where, as here, defendant introduces no evidence indicating he is within the prescription exceptions, there is no burden on the State under (cited cases) to negative the exception. Constitutionally construed in light of those decisions, the reach of § 204.507(1) must be limited to a requirement that defendant produce some evidence he is within a statutory exception before the State is obligated to assume the burden to negate the exception beyond a reasonable doubt.

*Id.* at 869.

In *State v. Bowdry*, 337 N.W.2d 216, 218–19 (Iowa 1983), a carrying concealed weapons case under Iowa Code section 724.4, we held that the defendant had the initial burden to produce evidence of a permit to carry weapons, an exception under that statute, before the State has the burden of persuasion that the person did not have a valid permit or that his conduct was not within the permit.

*McCrea v. Iowa Department of Transportation*, 336 N.W.2d 427 (Iowa 1983), is also analogous authority for at least placing the duty on defendant to produce evidence of section 321.555(2) exceptions favorable to him in connection with showing cause why he should not be barred from driving. In *McCrea*, we held that under Iowa Code section 17A.18(3) the licensee had the burden to prove compliance with all lawful requirements for the retention of his operator's license in an implied consent hearing before the Department of Transportation, an administrative agency.

■ Baudler made no attempt during the trial court hearing to show, and even failed to mention, that some of his convictions should be disregarded as section 321.555(2) exceptions. The State thus had none to rebut. He made no showing as to why he should not be barred from driving. He asked only for a recommendation to the Iowa Department of Transportation that he get a permit for driving to work. With no basis in the record to support the finding of

exceptions sufficient to reduce the countable convictions to less than six, the State's prima facie case stood unchallenged and supported the findings of the court.

We, therefore, uphold the trial court's judgment that defendant is an "habitual offender."

AFFIRMED.