507 A.2d 1309

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Kenneth Gerhart, Appellee.

Submitted on briefs December 12, 1985, before Judges CRAIG, BARRY, and PALLADINO, sitting as a panel of three.

*Stephen F. J. Martin,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Cary B. Fleisher,* for appellee.

OPINION BY JUDGE PALLADINO, April 25, 1986:

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which sustained the appeal of Kenneth Gerhart (Appellee) from DOT's suspension of his driver's license.

DOT suspended Appellee's license for a period of five years because it determined that his driving record contained the requisite number of convictions (three) for enumerated offenses so as to make Appellee an habitual offender pursuant to Section 1542(a) of the Vehicle Code (Code), 75 Pa. C. S. §1542(a). According to DOT's records, Appellant had been convicted of:

1. Fleeing or attempting to elude a police officer, in violation of Section 3733 of the Code, on July 27, 1979;

2. Driving under the influence of alcohol or a controlled substance, in violation of Section 3731 of the Code, on February 10, 1980; and

3. Another violation of Section 3733 of the Code, on August 13, 1981.

Appellant also received an additional two-year suspension under Section 1542(e) of the Code, for having on his record a conviction in addition to the number necessary for a five-year suspension. That conviction was for a violation of Section 1543 of the Code, driving while under suspension, on August 13, 1981.

In his *de novo* appeal of the suspensions, Appellee contested the accuracy of DOT's records, arguing that he had not been convicted of either the Section 3733

violation or the Section 1543 violation both of which allegedly occurred on August 13, 1981, and that, therefore, he does not have a third conviction which would make him an habitual offender under Section 1542(a). In support of this position, Appellee's former attorney testifed that Appellee has received citations for four violations on August 13, 1981 in Lehigh County, including citations for violations of Sections 3733 and 1543. He further testified that he had negotiated a plea arrangement with the assistant district attorney for Lehigh County, whereby some charges would not be prosecuted in return for Appellee's withdrawal of his appeal on the remaining charges, so as not to put Appellee within the purview of Section 1542(a) as an habitual offender. The trial court sustained Appellee's appeal on the ground that Appellee had successfully rebutted DOT's evidence indicating that he had received a third conviction.

On appeal to this Court, DOT contends that the trial court abused its discretion in weighing the evidence as it did, and that the trial court's decision is not supported by substantial evidence. We agree that there is not substantial evidence on the record to support the trial court's conclusion that Appellee succeeded in rebutting DOT's evidence of his conviction for violating Section 3733 of the Code.

In a license suspension proceeding, the trial court's inquiry is properly limited to determining whether the person contesting the suspension has, in fact, been convicted of a traffic violation and whether DOT has faithfully observed the provisions of the Code in suspending that person's driving privileges. *Bureau of Traffic Safety v. Schmidt*, 57 Pa. Commonwealth Ct. 318, 426 A.2d 1222 (1981). Moreover, an appeal from a license suspension being civil in nature, a reviewing court may not consider any claimed procedural defects or errors in the

criminal proceeding which formed the basis for the suspension. *Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

In the case at bar, DOT presented reports certified by the Lehigh County Clerk of Courts which indicate that the Lehigh County Court of Common Pleas gave leave to the Lehigh County district attorney to enter a *nolle prosequi* on the charge against Appellee of violating Section 1543 of the Code. The reports also show that, while Appellee withdrew his appeal of the Section 3733 citation, as to the charge of violating Section 3733 a nol pros was not entered and, accordingly, the conviction for violating Section 3733 remains on Appellee's driving record. In rebuttal, Appellee's former attorney testified that the plea bargaining agreement he arranged was intended to prevent Appellee from becoming an habitual offender, and that he received from the Lehigh County Clerk of Courts a certification that a nol pros to the Section 1543 charge had been entered.

The limited issue before the trial court was only "whether [Appellee] was convicted and not whether he should have been convicted." *Id.* at 321, 384 A.2d at 271. The testimony of Appellee's former attorney, while it is relevant to the merits of Appellee's Section 3733 conviction, does not address the question of whether Appellee was in fact convicted of violating Section 3733. The testimony of Appellee's witness, therefore, does not constitute substantial evidence to support the trial court's conclusion that Appellee successfully rebutted DOT's evidence of a conviction.

Clearly, the relevant evidence of record indicates that Appellee was convicted of violating Section 3733 on August 13, 1981. We conclude, therefore, that Appellee's driving record does in fact contain the three requisite convictions necessary to make Appellee an habitual offender under Section 1542(a), and we reinstate the

five-year suspension of Appellee's license originally imposed by DOT.

As regards the additional two-year suspension of Appellee's license which was imposed for Appellee's alleged conviction on a charge of violating Section 1543, we conclude that the trial court was correct in its determination that DOT failed to substantiate the existence of such a conviction. Although DOT argues that Appellee's driving record contains evidence of two separate and distinct violations of Section 1543 occurring on August 13, 1981, our thorough review of the record shows that the evidence presented by DOT supports the existence of only one such violation. Because that one Section 1543 violation was not prosecuted in the criminal proceeding before the Lehigh County Court of Common Pleas, there is no conviction which would justify the imposition of an additional two-year suspension. Accordingly, we affirm the order of the trial court insofar as it sustains Appellee's appeal of DOT's additional two-year suspension of his driver's license pursuant to Section 1542(e), and we direct DOT to remove from Appellee's driving record all notations regarding the August 13, 1981 violations of 75 Pa. C. S. §1543.

ORDER

AND NOW, April 25, 1986, the order of the Court of Common Pleas of Montgomery County at No. 82-00285, dated February 2, 1984, is reversed insofar as it sustains the appeal of Kenneth Gerhart from the imposition of a five-year suspension of his driver's license pursuant to 75 Pa. C. S. §1542(a) and directs the Department of Transportation to remove from his driving record an August 13, 1981 violation of 75 Pa. C. S. §3733; the order is affirmed insofar as it sustains the appeal of Kenneth Gerhart from the imposition of an additional two-year suspension of his driver's license pursuant to 75 Pa.

566

C. S. §1542(e) and directs the Department of Transportation to remove from his driving record all August 13, 1981 violations of 75 Pa. C. S. §1543.