STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR BUCHANAN COUNTY, Defendant.

No. 89–723.

Supreme Court of Iowa.

May 23, 1990.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Deputy Atty. Gen., David W. Perkins, Asst. Atty. Gen., for plaintiff.

Steven K. Ristvedt, Ristvedt & Peters, P.C., Independence, for defendant.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

SNELL, Justice.

This case comes before the court on writ of certiorari from the district court for Buchanan County. It involves the State's challenge to a ruling of the district court determining that Gregory L. VandeVoorde had shown cause that his driver's license should not be suspended in connection with a proceeding to determine whether he was a habitual violator pursuant to Iowa Code sections 321.555–321.560 (1987).

■ The State sought revocation of VandeVoorde's license under the terms of Iowa Code section 321.555(1)(c), which provides that anyone convicted of three or more offenses of driving while his or her license is under suspension within a six-year period shall be adjudicated a habitual offender. The State presented an abstract of VandeVoorde's driving record to the court indicating that he had accumulated four such convictions within a period of approximately fifteen months. The State thus satisfied its burden of proving a prima facie case. *State v. Baudler,* 349 N.W.2d 493, 496 (Iowa 1984).

VandeVoorde testified, explaining the facts underlying his convictions of driving while his license was under suspension. VandeVoorde is an over-the-road trucker, using the earnings from his trade to support his family. His problems began, according to his testimony, when he was ticketed for having an overweight load and fined approximately $1100. He believed that either the owner of the truck or the owner of the load would take care of the fine, and as a consequence paid little attention to the matter.

Neither the truck owner nor the owner of the load paid the fine, however, and VandeVoorde's license eventually was suspended because of his failure to pay. According to VandeVoorde, he was first informed of the suspension when he was stopped and ticketed for the violation. On inquiry, he found out that the overweight fine had never been paid and attempted to make arrangements to pay it in installments. Between the time he first learned of the unpaid fine and suspension and the time he paid the fine, VandeVoorde accumulated three more convictions for driving on a suspended license.

The trial court determined that VandeVoorde had shown cause for denying the State's application to have him adjudicated a habitual offender by his payment of

the fine underlying the suspension of his license. The State argues that the evidence presented by VandeVoorde was insufficient to show cause that he should not be adjudicated a habitual offender. Pointing to the statute, the State essentially contends that absent a showing that the convictions did not occur, the trial court was obligated to find VandeVoorde a habitual offender pursuant to the terms of Iowa Code section 321.555(1)(c). Thus, the State argues that the evidence presented by VandeVoorde was irrelevant to the determination as to whether he was a habitual offender.

■ VandeVoorde's defense, and the trial court's decision, are premised upon the equities of the situation. It is clear from the record that driving represents VandeVoorde's sole means of support, and that the failure to pay the fine was the result of his mistaken good-faith belief that someone else would pay it. While such evidence should be taken into consideration in terms of setting the length of the suspension under Iowa Code section 321.560, it is an insufficient showing of cause why VandeVoorde should not be adjudicated a habitual offender.

VandeVoorde argues that reading Iowa Code sections 321.558, which provides for the show cause hearing, and 321.559, which requires the court to impose a suspension upon finding an individual to be a habitual offender, reveals an ambiguity. Section 321.558 states:

Upon the filing of the petition, a judge of the district court shall enter an order incorporating by attachment the aforesaid abstract [of the driving record] and direct the person named therein as defendant to appear as ordered by the Court and show cause why such person should not be barred from operating a motor vehicle on the highways of this state.

Section 321.559 states:

If the Court finds that the defendant is an habitual offender, the Court shall by appropriate judgment direct that such person not operate a motor vehicle on the highways of this state for the period specified in Section 321.560.

VandeVoorde contends that the show cause hearing has been established by the legislature to provide a means by which an individual charged with being a habitual offender may show he or she should not be barred from operating a motor vehicle. Any other reading, he argues, would render the words "show cause why he should not be barred from operating a motor vehicle" void. One of our canons of statutory interpretation requires that all words of a statute must be given meaning if possible. Iowa Code § 4.1(2) (1987).

■ We agree that the reading of the statute that the State advances is too narrow, and severely circumscribes the discretion of the court in determining whether an individual has shown cause to deny the suspension. In *State v. Baudler*, 349 N.W.2d at 496–97, this court ruled that section 321.558 imposes a burden on the defendant which "require[s] him to go forward and produce some evidence that his offenses come under an exception listed in section 321.555(2)," in order to avoid a determination that he is a habitual offender. This ruling does not specifically deal with subsection 321.555(1), under which VandeVoorde was charged. That subsection contains no exceptions. The State's reading of the statute would render a show cause hearing useless under subsection 321.555(1) since the defendant could offer nothing to rebut the state's prima facie case. We do not believe that the legislature intended the show cause hearing provided by section 321.558 to be a mere pro forma exercise. Consequently, we find that evidence external to the record of convictions is relevant in making a determination of whether an individual is a habitual offender.

In this case, the defendant sought to show that his license should not be barred pursuant to section 321.560 because he needed the license in order to make a living, and the fine that undergirded his convictions for driving with a suspended license eventually was paid. At the time of hearing, in fact, VandeVoorde had a valid license. On the other hand, much of VandeVoorde's argument is premised upon his

belief that others would pay the overweight fine, and that he was unaware that the fine had not been paid. In this regard, the record indicates that VandeVoorde sustained three convictions for driving while his license was suspended after being informed of the first suspension. On this record, there was insufficient evidence to support the trial court's decision. Although the result might seem harsh, it is nevertheless the mandate of this court to give effect to what the legislature said, rather than what it could or might have said. Iowa R.App.P. 14(f)(13). Accordingly, the writ is granted and the case remanded to district court for proceedings consistent with this opinion.

WRIT SUSTAINED.