STATE of Iowa, Appellee,

v.

Steven James GARNER, Appellant.

No. 90–961.

Supreme Court of Iowa.

May 15, 1991.

Edward F. Noyes, Fairfield, for appellant.

Bonnie J. Campbell, Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

This appeal asks us to decide whether a motorist may be adjudicated an habitual offender when only one driving incident triggers four separate convictions for driving under suspension. Like the district court, we think Iowa Code section 321.-555(1) (1989) permits such a result. We therefore affirm.

In March 1988, defendant Steven Garner was stopped for driving with an improper headlight. A check of his record revealed that his driving privileges were suspended.

In fact, Garner was subject to four different suspension orders—one for a "serious violation," and three for nonpayment of speeding fines. *See* Iowa Code § 321.210(7) ("serious violation" as ground for suspension); 761 Iowa Admin.Code 600.13(7) (defining "serious violation"); Iowa Code § 321.210A (nonpayment of fine as ground for suspension).

Garner entered guilty pleas to four counts of driving under suspension (hereinafter "DUS"). *See* Iowa Code § 321.218. The State then petitioned to revoke Garner's license as an habitual offender under Iowa Code section 321.555(1). That statute provides in pertinent part:

As used in this division, "habitual offender" means any person who has accumulated *convictions* for *separate and distinct offenses* described in subsections 1, 2, or 3 ... for which final convictions have been rendered, as follows:

1. Three or more of the following offenses, either singularly or in combination, within a six-year period:

. . . .

c. Driving a motor vehicle while operator's ... license is suspended....

Iowa Code § 321.555 (emphasis added). At a hearing on the petition, Garner acknowledged the accuracy of the certified abstract of his driving record offered in support of the State's case. He argued, however, that because his four convictions for DUS stemmed from only one driving incident, he could not be said to have accumulated the requisite number of "separate and distinct offenses" to justify habitual offender status. The district court rejected Garner's argument, and so do we.

■ By pleading guilty to all four DUS charges, Garner waived the right to challenge those convictions on any ground not intrinsic to the pleas. *State v. Alexander*, 463 N.W.2d 421, 422 (Iowa 1990); *State v. Kobrock*, 213 N.W.2d 481, 483 (Iowa 1973). It is too late for him to now claim that one act of driving should not have given rise to multiple charges for DUS. Garner concedes as much, admitting that his record reveals four separate convictions. The question is whether his record comes within the ambit of section 321.555(1)(c).

Prior decisions of this court support the district court's conclusion that it does. In *State v. Baudler*, 349 N.W.2d 493 (Iowa 1984), we affirmed an adjudication of habitual offender status where one driving spree gave rise to five convictions—speeding, signal violation, failure to yield to an emergency vehicle, improper passing, and driving without headlamps. *Id.* at 494. In *Baudler* we explicitly rejected the argument Garner now advances—that five offenses arising from one driving incident should be considered only one offense for purposes of Iowa Code section 321.555(2). *Id.* at 495. Our decision in *Baudler* rested on an earlier case, *State v. Thomas*, 275 N.W.2d 422, 423 (Iowa 1979), in which we held that the habitual offender statute "focuses on the number of convictions rather than on the persistency of the conduct." We decided that offenses occurring simultaneously, such as driving recklessly and while under suspension, meet the test of accumulated offenses as surely as those collected on different days. *Id.*

The only unique feature of the present case is that Garner's four convictions are for identical offenses. That coincidence, however, stems not from any misinterpretation of section 321.555(1) but from Garner's driving habits. We read no exception in the statute for drivers who violate the same laws repeatedly. As we recently noted in another habitual offender case, "[w]hen a statute is plain and its meaning clear . . . we should not reach for meaning beyond its express terms." *State v. Landals*, 465 N.W.2d 660, 662 (Iowa 1991).

Given Garner's record of more than three convictions of the type described by section 321.555(1), the district court had no option but to adjudicate him an habitual offender. Garner's argument to the contrary is without merit. Accordingly, we affirm the district court.

AFFIRMED.