**STATE of Iowa, Appellee,**

v.

**Jeffrey Alan BRAUER, Appellant.**

No. 95–19.

Supreme Court of Iowa.

Nov. 22, 1995.

Andrew P. Nelson of Meyer, Lorentzen & Nelson, Decorah, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Kerry Anderson, Assistant Attorney General, for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, ANDREASEN and TERNUS, JJ.

TERNUS, Justice.

The district court found defendant, Jeffrey Alan Brauer, a habitual offender as defined in Iowa Code section 321.555(1) (1993). It revoked his motor vehicle license for two years. *See* Iowa Code § 321.560 (1993) (habitual offender barred from operating a motor vehicle for not less than two years nor more than six years). On appeal, Brauer claims the trial court abused its discretion in finding him a habitual offender. We hold the

trial court had no discretion to refuse to adjudicate Brauer a habitual offender once it found that he had two operating-while-intoxicated convictions and one driving-under-suspension conviction within a six-year period. *See id.* § 321.559. Therefore, we affirm.

## I. *Background Facts and Proceedings.*

In 1989, Brauer was twice convicted of operating a motor vehicle while intoxicated (OWI). *See id.* § 321J.2. Subsequently, he was ticketed for speeding in Louisiana. Brauer did not contest the ticket nor did he pay the fine imposed.

As a result of Brauer's failure to pay the Louisiana fine, the Iowa Department of Transportation (DOT) sent a notice of suspension of his Iowa driver's license to Brauer's last known address in Decorah, Iowa. *See id.* §§ 321.210(1)(g), .513(1)(c). His former girlfriend accepted the certified notice but Brauer claims he never received it as he was working in Texas at the time.

On July 14, 1994, Brauer received an Iowa citation for driving under suspension. *See id.* § 321.218. He asserts he telephoned the local police department to inquire how he could regain his license. Brauer testified he was told his license would be restored if he paid the Louisiana fine and pleaded guilty to the driving-under-suspension charge. Brauer did so and his driver's license was reissued the same day.

On October 24, 1994, the State of Iowa filed a petition asking that Brauer be adjudicated a habitual offender and that the court revoke his license. *See id.* § 321.556. Attached to the petition was an abstract of convictions showing that Jeffrey Alan Brauer had been convicted of OWI on August 18, 1989, a second OWI on September 15, 1989, and driving under suspension on July 18, 1994. *See id.* § 321.556, .557. The court ordered Brauer to appear and show cause why he should not be barred from operating a motor vehicle in the State of Iowa. *See id.* § 321.558.

At the show-cause hearing Brauer admitted he was the person identified in the abstract of convictions and that each conviction had occurred. However, he claimed the court should not find him a habitual offender for three reasons. First, he had not received the certified notice of the suspension of his driving privileges for failing to pay the Louisiana fine. Second, he did not know when he pleaded guilty to the driving-under-suspension charge that he would then be subject to suspension as a habitual offender. Third, he needed his driver's license to keep his job.

In its judgment and order, the district court found that Brauer was the person named in the abstract of convictions and that he admitted committing the violations which led to those convictions. The court ruled that Brauer was a habitual offender as defined by Iowa Code section 321.555(1) and canceled his license with no possibility of reissuance for two years. Brauer appealed.

## II. *Scope of Review.*

■ Whether the trial court has discretion to adjudicate a defendant a habitual offender depends upon an interpretation of our habitual offender statute. That is a question of law. *Barron v. State Farm Mut. Auto. Ins. Co.*, 540 N.W.2d 423, 424 (Iowa 1995). Therefore, our scope of review is for errors of law. *Id.;* Iowa R.App.P. 4.

## III. *Did the District Court Have Discretion to Find Brauer Was Not a Habitual Offender?*

Brauer claims the district court may consider the circumstances surrounding his conviction for driving under suspension as well as his need for a driver's license in deciding whether he was a habitual offender. The State disagrees and contends that the district court has no discretion whether to find a person a habitual offender if the defendant was convicted of three qualifying offenses within six years. We think this dispute is easily resolved by the habitual offender statute and our prior case law which mandate a habitual offender adjudication upon proof of the requisite number of qualifying convictions within a six-year period.

A. *Statutory provisions.* Iowa Code section 321.555(1) defines a habitual offender as a person who has three or more convictions for specified offenses within a six-year period. The specified offenses include driving

while intoxicated and operating under suspension. Iowa Code § 321.555(1) (1993). Iowa Code section 321.556 requires the director of the DOT to certify an abstract of the conviction record of any person who appears to be a habitual offender to the county attorney of the county in which the person resides or the attorney general if the person does not reside in Iowa. *Id.* § 321.556. Upon receipt of the abstract, the county attorney or the attorney general must file a petition requesting that the court decide whether or not the person named in the abstract is a habitual offender. *Id.*

The abstract of conviction is prima-facie evidence that the person named was convicted of the offenses shown in the abstract. *Id.* § 321.557. If the defendant denies any of the facts shown in the abstract, he has the burden to prove those facts are untrue. *Id.* A hearing is then held to give the defendant the opportunity to show cause why he should not be barred from driving in Iowa. *Id.* § 321.558.

The provisions of Iowa Code section 321.559 are of primary relevance to the present appeal:

> If the court finds that the defendant is not the same person named in the abstract, or that the defendant is not an habitual offender as provided in [section 321.555], the proceeding shall be dismissed. If the court finds that the defendant is an habitual offender, the court *shall* by appropriate judgment direct that such person not operate a motor vehicle on the highways of this state for the period specified in section 321.560.

*Id.* § 321.559 (emphasis added). Section 321.560 prohibits the issuance of a license to a habitual offender under section 321.555(1) "for a period of not less than two years nor more than six years from the date of judgment as ordered by the court." *Id.* § 321.560.

■ B. *Case law.* In interpreting the habitual offender statute, we have held that the district court may dismiss a habitual offender petition under only two circumstances: (1) if the court finds that the defendant is not the person named in the abstract, or (2) if the defendant's convictions do not

meet the requirements for a habitual offender as defined by section 321.555. *State v. Landals,* 465 N.W.2d 660, 662 (Iowa 1991). If the court finds that the defendant is the person named in the abstract and the offenses of which the defendant was convicted fall within section 321.555(1), the court has only one option: adjudicate the defendant a habitual offender. *Id.*

Nevertheless, Brauer points out that evidence in addition to the record of convictions may be considered in making a determination of whether an individual is a habitual offender. *See State v. Iowa Dist. Ct. for Buchanan County,* 455 N.W.2d 918, 920 (Iowa 1990) ("we find that evidence external to the record of convictions is relevant in making a determination of whether an individual is a habitual offender"). He contends that the district court improperly ignored his evidence of extenuating circumstances in deciding he was a habitual offender. Brauer reads too much into our *Buchanan County* case.

In *Buchanan County,* the State sought to have the defendant, VandeVoorde, declared a habitual offender because he had four convictions for driving while suspended within a fifteen-month period. *Id.* at 919. VandeVoorde did not contest these facts. *See id.* However, he argued that he should not be found a habitual offender for several reasons. First, VandeVoorde explained that his license had been suspended because no one had paid a fine he received for an overweight load on a truck he was driving. *Id.* He claimed he had a good-faith belief that the truck owner or the owner of the load would pay the fine. *Id.* VandeVoorde also asserted that he did not learn of his license suspension until he received his first ticket for driving while suspended and thereafter, he made attempts to pay the fine in installments. *Id.* Finally, he claimed he needed his driver's license to maintain his employment as an over-the-road trucker. *See id.* at 920.

The trial court found VandeVoorde had shown good cause to deny the State's petition to have him adjudicated a habitual offender. *Id.* at 919. We held the district court had no authority to make such a finding. Because

VandeVoorde met the statutory definition of a habitual offender, the district court was required to rule that he was a habitual offender. *Id.* at 921. Although we stated that evidence in addition to the abstract of convictions may be considered in making the habitual offender determination, we also held that the evidence introduced by VandeVoorde was not relevant to that determination; VandeVoorde's evidence could only be considered in setting the length of suspension. *Id.* at 920.

 C. *Legal principles and their application to this case.* The habitual offender statute and our cases establish the following principles. The *only* external evidence that is relevant to whether a defendant is a habitual offender is evidence relating to the following three issues: (1) the person named in the abstract is not the defendant; (2) the convictions shown in the abstract did not occur; or (3) the offenses underlying the convictions are not embraced by section 321.555. We emphasize that only the *fact* of the convictions may be contested; the defendant may not challenge the validity of the underlying convictions unless they are void.

Other courts have interpreted very similar statutes in a consistent manner. *E.g., State v. Kamalski,* 429 A.2d 1315, 1320–21 (Del.Super.1981) (court may not consider collateral attack on the validity of the underlying convictions unless judgment is void); *Hardin v. State,* 176 Ind.App. 514, 376 N.E.2d 518, 520 (1978) (defendant may not attack the validity of the underlying convictions); *State v. Boos,* 232 Kan. 864, 659 P.2d 224, 231 (alleged habitual offender may not assert a collateral attack on the underlying criminal convictions) *cert. denied,* 462 U.S. 1136, 103 S.Ct. 3121, 77 L.Ed.2d 1374 (1983); *Brennan v. Johnson,* 391 A.2d 337, 340 (Me.1978) (court may not consider mitigating circumstances in making the habitual-offender determination); *Commonwealth v. Gerhart,* 96 Pa.Cmwlth. 561, 507 A.2d 1309, 1311 (1986) (court may not consider claimed procedural defects in the criminal proceedings which form the basis for the suspension). As the Pennsylvania court observed, the issue before the court is whether the defendant was convicted, not whether he should have been convicted. *Gerhart,* 507 A.2d at 1311.

Therefore, evidence of mitigating circumstances is not relevant to whether Brauer is a habitual offender because the district court has no discretion to refuse a habitual offender adjudication if the record shows the defendant has three qualifying convictions within a six-year period. The only discretion accorded the district court under the habitual offender statute is in deciding the period of suspension. In setting the length of the suspension, the court may consider all circumstances bearing on this issue.

The district court properly applied these principles. Contrary to Brauer's contention, the district court did not abuse its discretion in finding him a habitual offender. Once Brauer admitted being convicted of the offenses shown in the abstract, the district court had no discretion to exercise and was required to adjudicate him a habitual offender. Therefore, we affirm.

**AFFIRMED.**